HUGH P. TINNIN, Administrator, &c. *v.* ROBERT S. PRICE.

Where the administrator of P.'s deceased wife's estate having returned an inventory of the property to the probate court: — *Held,* that the property having been treated as the wife's estate, it was sufficient evidence to justify the chancery court in appointing a receiver to take charge of it for the purpose alleged.

ON appeal from the superior court of chancery ; Hon. Charles Scott, chancellor.

This was a bill filed by Robert S. Price, the defendant in error, who intermarried with Nancy Price, formerly Nancy Tinnin, in August, 1852, to have a receiver appointed to take charge of certain personal property taken possession of by H. P. Tinnin, administrator of Nancy Tinnin, deceased. The property, it seems, was returned by the administrator to the probate court as the property of Nancy Tinnin, deceased.

The chancery court appointed a receiver as prayed for; and Tinnin, the administrator, prayed an appeal to this court.

*Freeman* and *Dixon* for appellant.

*F. Anderson* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

This is an appeal from a decree of the superior court of chancery, appointing a receiver to take possession of and hold the property in controversy.

It appears by the allegations of the bill, that the complainant, in the month of August, 1852, intermarried with one Nancy Tinnin, a resident of Hinds county; that the said Nancy, at the time of the marriage, had in her possession, as owner, certain goods and chattels, now the subject of controversy; that in virtue of the said marriage, the title to said property vested in the complainant; that the said Nancy died in a few weeks after the marriage, when the defendant administered on her estate, and returned in the inventory to the probate court the property now in litigation as part of her estate. The bill prays that the administrator be enjoined from selling said property, and that a receiver be appointed, &c.

So far as the answer is responsive to the bill, it does not materially change the case made by the bill.

The fact that the administrator treated the property as part of the estate of the wife, was certainly sufficient evidence, on the motion to appoint a receiver, to authorize the chancellor in sustaining the motion, and making the appointment. We are therefore of opinion, that under the showing made before him, he committed no error in this respect.

If, however, the allegations of the answer can be established, that the property was part of the estate of Asa Tinnin, deceased, the former husband of Mrs. Price, and that said estate had never been distributed, then the case will fall within the rule laid down by this court in *Duncan* v. *Johnson,* 23 Miss. R. 130, and cases there cited; and of course the complainant cannot recover.

It is not averred that the wife carried on a plantation and slaves, and that the property was used for that purpose; and hence we make no decision on that point. The question is an important one, and we prefer leaving it open till it shall properly come up for decision.

Decree affirmed.